Matthias, J.
 

 In the course of the general charge, the trial court instructed the jury as follows: “If there
 
 *528
 
 was smoke and steam in the atmosphere, to the interruption of the vision of persons upon the highway a higher degree of care was required of the defendant-company than would have been had the atmosphere been clear and the vision good at this crossing under the circumstances which are undisputed with reference to the opportunities for vision. And whether or not the defendant-company failed to exercise the care which I have outlined to you as placed upon it in this situation is for your determination.”
 

 This was an unfortunate statement. Some evidence had been introduced which tended to show that shortly before the collision of an east-bound train and the automobile in which McLaughlin was riding, a train had passed in the opposite direction on the west-bound track leaving some smoke which, because of atmospheric conditions, remained near the ground. An instruction that cognizance should or could be taken of such passing and temporary condition by an engineer upon the locomotive of a rapidly moving train was placing upon the defendant an unusual burden; and when the court added the further instruction that “a higher degree of care was required of the defendant-company,” it became prejudicially erroneous. The Court of Appeals so found, and that conclusion, in our opinion, was correct and required the reversal of the judgment.
 

 The injurious effect of this instruction was somewhat accentuated by a previous statement in the general charge where, after stating that “it was the duty of the person operating the vehicle, in which the decedent was riding, to yield the right of way to the train in question”, the court added the following: “However, this decedent, being a passenger only in the vehicle in which he was riding, it is important that you determine whether or not, as to him, the engineer, and persons in charge of the train in question, did exercise the degree of care which I have indicated was required
 
 *529
 
 of them to avoid injury to him in the situation in which the engineer in question found himself when he discovered the presence of the decedent in close proximity to this crossing. ’ ’ Here it is to be seen that in the one instance the court indicated that a “higher degree of care” was required of the engineer under the conditions referred to, and in the other that a higher “degree of care ’ ’ was required by the company toward the decedent by reason of the fact that he was a passenger in the automobile.
 

 We are of opinion, however, that the Court of Appeals was- not warranted in going further and holding that, as a matter of law, under the evidence disclosed by the record, there was no want of care upon the part of the railroad company. The evidence was in conflict in that respect, particularly upon the matter of the statutory crossing warning whistle. As is usual in such cases, some testimony was positive and some of rather a negative character. It was a fact in dispute, and therefore the conclusion that as a matter of law the railroad company was in the exercise of due care was unwarranted. The Court of Appeals, in its opinion, had said: “We hesitate, however, to determine that this judgment is against the manifest weight of the evidence but rather desire to base our conclusion upon a claimed error appearing in the charge of the court”, and predicated its reversal upon the erroneous charge above discussed. Our conclusion, therefore, is that the Court of Appeals was right in reversing the judgment of the Court of Common Pleas, but wrong in rendering final judgment. For the reasons indicated, the judgment of the Court of Appeals is reversed and the case remanded to the Court of Common Pleas for further proceedings.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.